## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEVIN COLEMAN, a minor, by his parents and
next friends,
Gail Coleman and Mark Yost,
5311 Duvall Drive
Bethesda, Maryland 20816,

and

GAIL COLEMAN and MARK YOST,
5311 Duvall Drive
Bethesda, Maryland 20816,

     Plaintiffs,

     v.

JERRY D. WEAST (officially as),  Superintendent,
Montgomery County Public Schools,
850 Hungerford Drive,
Rockville, Maryland 20850,

and

MONTGOMERY COUNTY BOARD OF
EDUCATION,
850 Hungerford Drive,
Rockville, Maryland 20850,

     Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1.     Kevin Coleman ("Kevin") is a twelve-year-old boy who resides in Montgomery

County with his parents, Gail Coleman and Mark Yost ("the parents" or "the plaintiffs").  Kevin

and his parents filed an administrative appeal against Montgomery County Public Schools

("MCPS" or "the defendants") based on their failure to provide Kevin with the Free Appropriate

Public Education ("FAPE") to which he is entitled by the Individuals With Disabilities Education

Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* As the prevailing parties in that appeal,

the plaintiffs are entitled to reimbursement of attorneys' fees and costs; and they bring this action

based on the failure of MCPS to award such fees and costs within a reasonable time following

the administrative decision.

## Jurisdiction

2.      This Court has jurisdiction over this matter pursuant to the Individuals with

Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-1461; the Rehabilitation

Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C.

§§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.  This Court

has pendent jurisdiction pursuant to MD. CODE ANN. EDUC. § 8-401, et seq. (1996).  Plaintiffs

have exhausted any available administrative remedy and file with this Court after prevailing in a

decision of an Administrative Law Judge ("ALJ") of the Maryland Office of Administrative

Hearings, MSDE-MONT-OT-08-06594, MSDE-MONT-OT-08-00853 (July 23, 2008).

## Parties

3.      Kevin Coleman is a disabled student who has been found eligible by MCPS to

receive special education and related services under the IDEA.  At all times relevant to this

action, Kevin resided in Montgomery County, Maryland.  His parents, Gail Coleman and Mark

Yost, bring this action on his behalf and in their own right.

4.     Jerry D. Weast is the Superintendent of MCPS and, as such, is the public official charged with the responsibility for ensuring that MCPS complies with federal law as to the education of disabled children.  He is sued in his official capacity.

5.     The Montgomery County Board of Education is a local educational agency as defined by 20 U.S.C. § 1401, and, as such, receives financial assistance from the United States Department of Education.  The Montgomery County Board of Education is responsible for complying with federal law with respect to the provision of a FAPE to each disabled child in Montgomery County.

## Factual Allegations

6.     On January 4, 2008, Gail Coleman, Kevin's mother, filed a Due Process Complaint Notice appealing the decision of the Individualized Education Program ("IEP") team to place Kevin in the Bridge Program at Hoover Middle School.  Ms. Coleman requested that MCPS place and fund her son's education at the Ivymount School Model Asperger's Program ("Ivymount") for the latter part of the 2006-2007 school year (starting in April, 2007), and the entire 2007-2008 school year.

7.     On February 15, 2008, MCPS filed its own Due Process Complaint Notice requesting a declaratory ruling that its proposed educational program in the Bridge Program at Hoover Middle School was proper and that, consequently, reimbursement for Kevin's private school placement was inappropriate.

8.     Administrative Law Judge Laurie Bennett consolidated the matters.  The extended hearing took place on April 16, 17, 18, 22, 24, and June 4, 6, and 9, 2008.  Michael J. Eig, Esq., represented the parents.  Jeffrey A. Krew, Esq., represented MCPS.  The record closed on June

23, 2008.

9.      On July 23, 2008, the ALJ issued her decision in *Kevin Coleman v. Montgomery County Public Schools*, OAH No.: MSDE-MONT-OT-08-06594, and *Montgomery County Public Schools v. Kevin Coleman*, OAH No.: MSDE-MONT-OT-08-00853. The ALJ held that MCPS had denied Kevin a FAPE starting in April, 2007, and throughout the duration of the 2007-2008 school year. Though the parents were not entitled to reimbursement for the last few months of the 2006-2007 school year due to the need for MCPS to consider new reports during that time period, they were awarded full reimbursement for Kevin's placement for the entirety of the 2007-2008 school year.

10.      Plaintiffs are the prevailing party in the Due Process Appeal, and are therefore entitled to receive reimbursement for "reasonable attorneys' fees as part of the costs to the parents of a child with a disability..." 20 U.S.C. § 1415(i)(3)(B).

11.      Pursuant to MD. CODE ANN. EDUC. § 8-413(j), defendants had 120 calendar days, or until November 20, 2008, to appeal the ALJ's decision. MCPS did not appeal; the decision rendered on July 23, 2008, is final.

12.      Plaintiffs have made several oral and written requests for payment of attorneys' fees and costs both before and after the November deadline. Defendants have failed to provide reimbursement for the documented fees and costs in this matter.

13.      Plaintiffs' attorney time and expenses are reasonable and were necessary to obtain the successful results in the Due Process Appeal.

14.      The applicable hourly rates for counsel are those market rates applicable in the community.

15.     Plaintiffs' counsel have exercised billing judgment and have properly documented the time and costs expended.

16.     Plaintiffs have exhausted all available administrative remedies.

## COUNT I

17.     Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 16.

18.     Defendants' failure to reimburse Kevin and his parents for reasonable attorneys' fees violates plaintiffs' rights under the IDEA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court:

1.     Issue judgment for plaintiffs and against defendants;

2.     Issue declaratory relief that the defendants violated plaintiffs' rights under applicable law;

2.     Issue injunctive relief ordering defendants to reimburse plaintiffs for reasonable attorney's fees and costs, with interest accrued from July 23, 2008, the date of the due process hearing decision, including the fees and costs of this action; and

3.     Award any other relief that this Court deems just.

Respectfully Submitted,

Michael J. Eig                          #07718
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland  20815
(301) 657-1740

Counsel for Plaintiffs